[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in Stamford, Connecticut on February 17, 1973. The plaintiff has resided continuously in this state for more than one year next preceding the date of the complaint. There are two minor children issue of the marriage; Anthony, born September 27, 1977 and Kimberly Ann, born August 18, 1981. The evidence indicates that the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff, age 45, has worked two part time jobs for several years as well as fill the role of homemaker and mother. She is a hard working woman who has courageously been facing budget problems while having to deal with many personality and learning difficulties encountered by her children. CT Page 3288
The defendant, age 47, is also a hard worker, holding a full time job at Pitney Bowes, and also working at several part time jobs over the years. In his own way, the defendant is doing the best he can. Considering his limitations, he is to be complimented for his efforts at being gainfully employed.
Despite the industrious nature of both parties, the family owes substantial debts including tax liabilities incurred by the defendant. There is not sufficient income nor assets to presently satisfy the needs of each party. Both will have to cope as best they can until the debts are paid.
The court has considered the criteria set forth in Connecticut General Statutes §§ 46b-62, 46b-56, 46b-81, 46b-82 and46b-84 in reaching the decisions reflected in the orders that follow.
The following orders may enter:
1. The plaintiff shall have sole legal and physical custody of the minor children. The defendant shall have reasonable and liberal rights of visitation. The parties are ordered to arrange a meeting with the Family Service Unit to discuss the amount of visitation for the defendant. The Family Services Unit shall file a written report with this court with its recommendations. The court will then issue written orders addressing the defendant's visitation schedule.
2. The court finds, based on his income for the last three years, that the defendant's gross income is $40,000.00 per year. Also, the court finds the plaintiff's gross income to be $20,000.00 per year. The child support guidelines provide that with those incomes, the defendant's obligation for two children is $180.00 per week and for one child is $115.00 per week.
Therefore, since the older child, Anthony, will reach his majority on September 27, 1995, the defendant shall pay to the plaintiff, commencing May 1, 1995, as child support, the sum of $180.00 per week. This payment shall continue until the death of either child, her or his emancipation or September 30, 1995, whichever event first occurs.
Commencing October 1, 1995, the defendant shall pay to the plaintiff as child support the sum of $115.00 per week. This payment shall continue until the death of the minor child, CT Page 3289 Kimberly, her emancipation or until the conditions of § 46b-84(b) of the Connecticut General Statutes are met, whichever event first occurs.
3. Commencing May 1, 1995, the defendant shall pay to the plaintiff as periodic alimony the sum of $50.00 per week. The payments shall continue until the death of either party, the plaintiff's remarriage or September 30, 1995, whichever event first occurs.
Commencing October 1, 1995, the defendant shall pay the plaintiff as periodic alimony the sum of $100.00 per week. The payments shall continue until the death of either party or the plaintiff's remarriage, whichever event first occurs.
For both the child support and alimony awards, an immediate wage withholding order may issue unless the defendant continues the voluntary assignment currently in place with his employer, Pitney Bowes.
4. The defendant shall continue his current medical insurance coverage for the minor children. The parties shall each pay one-half of all uninsured and unreimbursed medical expenses.
Section 46b-84(d) of the Connecticut General Statutes shall apply.
5. The defendant shall permit the plaintiff to convert her present coverage under the defendant's health insurance policy for her benefit under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) for the statutory period at the plaintiff's sole expense.
6. The defendant shall maintain his current life insurance policy through his employer and name the minor children as beneficiaries of one-third of the face amount of the policy for as long as he is liable to pay child support and for as long as his employer provides life insurance. Also, the defendant shall name the plaintiff as beneficiary of two-thirds of the face amount of the policy for as long as he is liable to pay periodic alimony and for as long as his employer provides life insurance. If the defendant is still responsible for periodic alimony payments when his obligation support ceases, he shall name the plaintiff as beneficiary of the first $100,000.00 of coverage under said policy for as long as his obligation to pay alimony continues. The CT Page 3290 defendant shall furnish written authorization to the plaintiff to allow her to confirm coverage of her and the children with the insurance carrier directly.
7. Each party shall be responsible for payment of one-half of the following debts:
 a. Colonial Bank — approximate balance $3,100.00 b. ATT Universal Card — approximate balance 1,100.00 c. Chemical Bank — approximate balance 1,083.00 --------- Total approximate balance $5,283.00
The plaintiff shall be solely responsible for the payment of the following debts:
 a. Carol Boccuzzi — approximate balance $1,000.00 b. SNET arrearage 518.00 c. Metpath 137.00 --------- Total approximate balance $1,655.00
The plaintiff shall indemnify and hold harmless the defendant from any liability thereon.
The defendant shall be solely responsible for the payment of the following debts:
 a. Deborah Bouchard — $2,200.00 b. Sears — approximate balance 1,026.00 c. Pitney Bowes Credit Union 2,723.00 d. 1993 1994 federal and state income taxes approximate balance 7,809.00 ---------- Total approximate balance $13,758.00
The defendant shall indemnify and hold harmless the plaintiff from any liability thereon.
8. The plaintiff is awarded the following assets:
a. The 1993 Saturn automobile subject to the outstanding loan which shall be the plaintiff's sole obligation. The plaintiff shall indemnify and hold harmless the defendant from any liability thereon. The defendant shall sign any necessary documents CT Page 3291 relinquishing any interest he may have in the automobile.
b. The furnishings in her residence.
c. The entire interest in her UFCW Local 371 Pension Plan.
9. The defendant is awarded the following assets:
a. The Pitney Bowes Credit Union checking and savings accounts.
b. The 1990 Nissan automobile subject to the outstanding loan which shall be the sole responsibility of the defendant. The defendant shall indemnify and hold harmless the plaintiff from any liability thereon.
c. The 64 shares of stock in Pitney Bowes, Inc.
d. The 401K Plan in Pitney Bowes, Inc.
e. The entire interest in the Smith Kline Pension Plan.
10. Each party shall be responsible for the payment of her and his own counsel fees.
Judgment may enter accordingly.
NOVACK, J.